## STATE v. MORTON.

1. TEACHER'S PAY CERTIFICATE—COUNTY SUPERINTENDENT OF EDU-CATION.—It is not necessary to make a teacher's pay certificate for salary valid, that it have the seal of the county superintendent of education.

2. PUBLIC SCHOOL CLAIMS—PUBLIC SCHOOL TRUSTEES.—A claim issued against the public school fund by the school trustees need only be signed by a majority of the board.

Before BUCHANAN, J., Anderson, October, 1897. Affirmed.

Indictment against J. H. Morton for forgery. Motion to quash refused, and defendant appeals.

*Messrs. McGowan & Greene*, for appellant, cite: *Paper to be subject of forgery must if genuine be of legal efficacy:* 1 Bay, 207, 285. *Instrument invalid on face because no seal:* Act 1896, 160. *All trustees should sign:* 1 Brev., 482; 3 Brev., 279; 1 Bay, 356; 37 Am. Dec., 209; Acts 1896, 167.

Feb. 17, 1898. The opinion of the Court was delivered by

MR. JUSTICE POPE. At the fall term, 1897, of the Court of General Sessions for Anderson County, in this State, J. H. Morton was indicted for forgery. The indictment contained two counts—one for making, &c., a certain writing and instrument of writing, setting forth the same in words and figures; the second for uttering such forged instrument. Upon the case being called for trial, the defendant moved to quash the indictment upon two grounds: *First.* Because an instrument, in order to be the subject of forgery, must be such an instrument as, if genuine, would be of some legal efficacy, and that the instrument, purporting to be forged in this case, is not such an instrument in that the approval of it by the superintendent of education does not contain the seal of his office, as is required by law; that the instrument on that account, if genuine, would be invalid and utterly void upon its face, and, therefore, its false making will not support a conviction of forgery. *Second.* Because the warrant on the treasurer of Anderson County does not purport to be signed by the whole board of trustees of the school district, as is required by law, and that the instrument, if genuine, would be invalid and utterly void on that account; and the false making it, therefore, will not support a conviction of forgery.

Judge Buchanan, as the presiding Judge, overruled both grounds. From his decision the present appeal is taken,

and involves these propositions: First. That a warrant drawn by the board of trustees of a school district upon the county treasurer for one month's salary to a teacher of a public school in such school district, must, in order to be valid, have not only the approval of the county superintendent of education indorsed thereon, but such approval must be under the seal of office of such county superintendent of education.  I cannot agree that the Circuit Judge committed error.  The difficulty suggested by the appellant arises from the language used in section 24 of the act entitled "An act to declare the free school law of the State," approved 9th March, 1896 (22 Stat. at Large, 150 to 173 inclusive).  This section reads as follows: "The county superintendent of education shall keep in his office a die, in a circular form, upon the centre of which shall be engraved in capital letters the word 'seal,' and on the circumference the proper words indicating the office, which shall be regarded as the seal of the office, and which the county superintendent of education shall be required to impress upon all papers issued from his office, and affix his name to such paper." * * *  It will be observed that the language here employed does not state that no paper issued from the office of the county superintendent of education without such seal shall be void and of no effect, and hence I am not prepared to say that the absence of such seal to any paper issued from such office would render it, *per se*, null and void.  However, in this case, stress is laid both by the Circuit Judge and the appellant on the force to be given to the words, "and which (seal) the county superintendent of education shall be required to impress upon all papers *issued* from his office, and affix his name to such papers"—the Circuit Judge contending that, under the many provisions of the act in question, the warrant upon the treasurer for the salary of the teachers of public schools for such school district *issues* from the board of trustees of such school districts, and, therefore, does not issue from the office of the county super-

intendent of education; while the appellant contends that inasmuch as the act requires the approval of the latter, that such paper may be said to *issue* from his office. An examination of the many provisions of the act in question discloses that many papers may be said to originate in, and issue from, the office of the county superintendent of education, and that the warrant upon the county treasurer for the salaries of teachers employed by trustees of school districts do not originate in, and issue from, such office of county superintendent of education, although his approval thereof must be indorsed thereon. Such being the case, I think the conclusion of the Circuit Judge must be affirmed.

*Second.* That the order on the county treasurer for the amount due each teacher of a public school must be signed by each of the three members of the board of trustees of the school district, and not a majority thereof, to be valid. I cannot agree to this proposition, for it is expressly negatived by the language of section 42 of the act in question, wherein it is said: "All claims of every description whatever which are chargeable against the fund raised for the support of the free public schools of the State, except such as are otherwise provided by law, *must be signed by at least a majority of the board of trustees of the school district against which the claims are chargeable;* and the correctness and legality of the same shall be sworn to and subscribed by the person presenting such claim, &c." (italics mine). It follows, therefore, that the appeal must be dismissed.

It is the judgment of this Court, that the judgment or order of the Circuit Court be affirmed; and it is further ordered, that the remittitur be sent down to the Circuit Court forthwith.